IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAWULE TEPE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1280-L-BK |
| | § | |
| INTERNAL REVENUE SERVICE, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** on the basis of sanctions previously imposed against Plaintiff Mawule Tepe in the U.S. District Court for the Eastern District of Tennessee.

## I. BACKGROUND

On May 24, 2024, Tepe, a Tennessee resident, filed the instant civil action, naming as defendants the Internal Revenue Service (IRS), the United States, U.S. Magistrate Judge Rebecca Rutherford, U.S. District Judge Ed Kinkeade, Whirlpool Corporation, and Ogletree Deakins Nash Stewart PC. Doc. 3. Tepe paid the filing fee and the Clerk of the Court issued summonses upon his request.

This is the second action that Tepe has filed against the IRS and the United States seeking a tax refund and alleging tort and constitutional claims. *See Tepe v. Internal Revenue Serv.*, 3:23-CV-2568-K-BT (N.D. Tex. Nov. 29, 2023). This Court transferred Tepe's earlier action to

the Eastern District of Tennessee because venue was improperly laid in this Court.  However, the

Tennessee court ultimately determined that (1) Tepe's case related to ten other cases that he had

filed there, (2) Tepe was barred from filing any new lawsuits without first seeking and obtaining

the court's permission to file, and (3) Tepe would not be permitted to circumvent the

requirements of the *Enjoinder Order*.  *See Tepe v. Internal Revenue Serv.*, No. 1:23-CV-286,

Civ. 15 (E.D. Tenn) (citing *Enjoinder Order* in *Tepe v. United States*, No. 1:22-CV-272 (E.D.

Tenn. Feb. 16, 2023)).  The court thus ordered Tepe to comply with the *Enjoinder Order* by

March 1, 2024.  *Id.*  Tepe appealed and the U.S. Court of Appeals for the Sixth Circuit dismissed

his appeal as unappealable under 28 U.S.C. § 1292 or the collateral-order doctrine.  *Tepe v.*

*Internal Revenue Serv.*, No. 24-5261 (6th Cir. Apr. 24, 2024).

Undeterred, Tepe files the instant action in an attempt to circumvent the *Enjoinder Order*

in the Eastern District of Tennessee.  As before, his complaint and the many attachments (over

60 pages) are difficult to comprehend.  As best the Court can glean, Tepe again seeks tax

refunds, asserting tort and constitutional claims.  Doc. 3 at 1-2.  As indicated *supra*, in addition

to the IRS and the United States, he now names as Defendants (1) the Northern District judges

who transferred his 2023 action to the Eastern District of Tennessee, (2) Whirlpool, his former

employer, and (3) the law firm representing Whirlpool in other actions that Tepe filed in the

Eastern District of Tennessee.  Doc. 3 at 1-2.

## II. ANALYSIS

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v.*

*Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995).  But "district courts have

an obligation to protect the orderly administration of justice and prevent abuse of the court's

process by frivolous and vexatious litigants." *Ruston v. Dallas Cnty., Tex.*, No. 3:07-CV-1076-

D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (Fitzwater, J).  "Pro se litigants have 'no

license to harass others, clog the judicial machinery with meritless litigation, and abuse already

overloaded court dockets.'" *Id.* (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359

(5th Cir. 1986).

Courts also possess the inherent power "to protect the efficient and orderly administration

of justice and ... to command respect for the court's orders, judgments, procedures, and

authority."  *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).  It is also "obvious" that "one district

court may enforce another's [district court's] sanctions."  *Dominguez v. Scott*, 265 F.3d 1058,

2001 WL 872771, at *2 (5th Cir. July 5, 2001) (unpublished).  It is just as obvious that, in

appropriate circumstances, a district court may enforce "outstanding sanction orders of sister

courts" outside the Fifth Circuit.  *See Schmidt v. Van Buren*, 243 F. App'x 803, at *1-2 (5th Cir.

2007) (per curiam) (upholding the enforcement of a sanction order that rested in part on a

sanction from the United States District Court for the Southern District of New York (citing

*Balawajder v. Scott,* 160 F.3d 1066, 1067-68 (5th Cir. 1998)); *Garcia Contreras v. United

States*, No. 3:20-CV-489-G-BK, 2020 WL 2045398, at *2-3 (N.D. Tex. Apr. 1, 2020), *rec.

adopted*, 2020 WL 2042363 (N.D. Tex. Apr. 28, 2020) (enforcing a sanction order from the U.S.

District Court for the District of Arizona); *Brown v. Mariam*, No. 4:18-CV-757-A (N.D. Tex.

Sep. 26, 2018) (McBryde, J.) (enforcing a sanction order from the District of Columbia).

The primary reason for enforcing another court's sanction order is the doctrine of judicial

notice.  "One court may take judicial notice of another district court's judicial actions."

*Sparkman v. Charles Schwab* & Co., 336 F. App'x 413, 415 (5th Cir. 2009).  Indeed, courts can

easily obtain records of litigation and unpaid sanctions from other courts.  *Id.*  And because the

court is "not imposing any new sanction . . . there [is] no need to warn [the plaintiff] or allow him to challenge the sanction." *Id.*

Because Tepe persists in filing frivolous and vexatious lawsuits, the Court should honor the *Enjoinder Order* previously imposed against in the Eastern District of Tennessee and likewise bar Tepe from filing future actions in this or any other federal court without first obtaining leave of the court. *See* FED. R. CIV. P. 11(b)(2) & (c)(1) (providing for sanctions against *pro se* litigants or attorneys).

As to the lawsuit *sub judice*, Tepe has again failed to comply with the filing requirements set out in *Enjoinder Order* in *Tepe v. United States*, No. 1:22-CV-272 (E.D. Tenn. Feb. 16, 2023), and requiring that, *inter alia*, Tepe must filed a copy of his proposed complaint or petition with a motion seeking leave to file and (1) a copy of the Tennessee order, (2) a declaration  that his claims are not duplicitous, frivolous, or filed in bad faith, and (3) a statement listing the full caption of every suit previous filed by him and pending, including a list of the defendants named. *Id.* at 7.  For this reason, pursuant to the order of the Tennessee district court, this case should be dismissed.

### III. CONCLUSION

This Court should enforce the pre-filing sanction of the United States District Court for the Eastern District of Tennessee in *Tepe v. United States*, No. 1:22-CV-272 (E.D. Tenn. Feb. 16, 2023) and **DISMISS** this lawsuit without prejudice.

4

Further, the Court should order that Tepe be **BARRED** from filing future actions in this or any other federal court without first obtaining leave of court, and that any case filed, removed, or transferred without an application seeking leave to file, shall not be reviewed.

**SO RECOMMENDED** on July 2, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).